UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JOHN MCGLOTHIN,

Plaintiff,

v.

S. WILLIAMSON, *et al.*,

Defendants.

Case No.  2:26-cv-1753-WBS-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner at the California Medical Facility, brings this action under section 1983 and moved to proceed *in forma pauperis* ("IFP"). ECF No. 2. I recommended that the application for IFP be denied, because plaintiff had sufficient funds in his prison trust fund account to pay the filing fee. ECF No. 7. While those recommendations were pending, plaintiff tendered the filing fee. Accordingly, I will withdraw my recommendations and deny plaintiff's application for IFP as moot. After screening the complaint, I find that it states, for screening purposes, potentially cognizable First and Eighth Amendment claims against defendants Johnson, Canela, and Gill. It fails, however, to state a viable claim against Warden Williamson. Plaintiff may either proceed with the claims deemed cognizable, or delay serving any defendant and file an amended complaint. Additionally, I will recommend that plaintiff's motion for preliminary

1

injunction, ECF No. 5, be denied.

Screening Order

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that, on October 9, 2025, defendant Canela, without justification, pushed her alarm and summoned defendants Johnson and Gill. ECF No. 1 at 3-4. He claims these

2

officers then used excessive force against him in retaliation for grievances he had previously filed. *Id.* at 5-6. These allegations are sufficient to state First and Eighth Amendment claims against Canela, Johnson, and Gill.

By contrast, plaintiff's claims against Warden Williamson are inadequate to proceed. There is no *respondeat superior* liability under section 1983. *See Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989). And plaintiff's vague allegation that the warden declined to speak with him about abusive staff in the months preceding the incident is insufficient to show that he knew or should have known that a retaliatory use of excessive force would be used on plaintiff on the day in question.

Plaintiff may either proceed only with the claims deemed cognizable in this order, or delay serving any defendant and file an amended complaint.

Motion for Preliminary Injunction

Plaintiff's motion for preliminary injunction, ECF No. 5, should be denied. Therein, he alleges that he may be transferred to a different institution as "a retaliatory measure," and requests an order preventing his transfer during the pendency of this litigation. *Id.* at 2-3. This motion fails for several reasons. First, plaintiff has provided no evidence that his transfer is actually imminent or that it is being undertaken in retaliation for any protected activity. Second, he has not shown that he will suffer any irreparable harm. Plaintiff argues that, in his absence, unnamed witnesses at the current institution may be intimidated or harassed by defendants. *Id.* at 2. But he has not shown that any harassment or intimidation is imminent or likely. It appears, at this juncture, entirely hypothetical. Third, the relief requested, a prohibition against transfer, is insufficiently related to the conduct asserted in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the First and Eighth Amendment claims against defendants Canela, Johnson and Gill or, within that same time,

3

file an amended complaint with the understanding that doing so will delay service of any defendant.  If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for the aforementioned defendants.

2.   My findings and recommendations at ECF No. 7 are VACATED and WITHDRAWN.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

4.    The Clerk of Court shall send plaintiff a complaint form with this order.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction, ECF No. 5, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 26, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4